## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH JOHN SHAFFER SR.,     :     No. 3:24-CV-1832
             **Petitioner**     :
                             :     **(Judge Munley)**
      **v.**     :
                             :
**ATTORNEY GENERAL OF**     :
**PENNSYLVANIA,**     :
             **Respondent**     :

### MEMORANDUM

Petitioner Kenneth John Shaffer, Sr., initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Shaffer challenges his state-court convictions and sentence for multiple counts involving rape of a child. Because Shaffer's habeas claims are meritless or unreviewable (or both), the court will deny his Section 2254 petition.

## I.    BACKGROUND

The procedural history of Shaffer's state-court prosecution is tortured and protracted, spanning nearly two decades. The Superior Court of Pennsylvania provided a detailed recitation of most of this procedural history in its October 2020 opinion. See Commonwealth v. Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *1-3 (Pa. Super. Ct. Oct. 29, 2020) (nonprecedential). The court need not repeat that comprehensive factual recitation in full but will instead provide the background relevant to Shaffer's Section 2254 petition.

In May 2006, Shaffer pled guilty to one count of rape of a child, one count of involuntary deviate sexual intercourse (IDSI), one count of statutory sexual assault, one count of indecent exposure, two counts of aggravated assault, and two counts of corruption of a minor. Id., at *1. In September 2006, he was sentenced to an aggregate term of incarceration of sixteen years and six months to forty-five years.[1] Id., at *6 n.11. Shaffer was also determined by the sentencing court to be a "sexually violent predator" (SVP) under Megan's Law II, 42 PA. CONS. STAT. §§ 9791-9799.7, after a separate hearing on that issue. See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *1. Prior to adjudicating Shaffer an SVP, the sentencing court—without explanation—denied Shaffer's motion for appointment of an independent psychological expert witness concerning the SVP classification. See id.

Thereafter, Shaffer raised numerous sentencing-calculation issues on direct appeal and during an initial round of post-conviction proceedings. Ultimately, in November 2014, these efforts culminated in the Superior Court vacating his judgment of sentence and remanding to the trial court for resentencing on all counts. See Commonwealth v. Shaffer, No. 1085 EDA 2014, 2014 WL 10558548, *1 (Pa. Super. Ct. Nov. 26, 2014) (nonprecedential).

---

[1] Shaffer disputes the calculations made by the sentencing court during his September 2006 sentencing, alleging that the sentence should have been fourteen years and six months to forty years. (See Doc. 11 at 23). That factual dispute is discussed in greater detail below.

Shaffer was resentenced on July 6, 2015.  See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *1-2.  At that resentencing, he was ordered to serve consecutive terms of five years and six months to twenty years' incarceration for rape of a child (Count 2), five to ten years for IDSI (Count 4), one to five years for statutory sexual assault (Count 9), two years and six months to five years for aggravated indecent assault (victim less than thirteen years of age) (Count 12), and two to five years for aggravated indecent assault (victim less than sixteen years of age) (Count 17).  The sentencing court also imposed concurrent terms of incarceration of three months to two years for indecent exposure (Count 22), and six months to two years for each count of corruption of minors (Counts 25 and 31).  Id., at *2.  Thus, Shaffer's aggregate term upon resentencing in July 2015 was sixteen to forty-five years' incarceration with credit for time served.  Id. The sentencing court did not revisit Shaffer's SVP designation, despite Shaffer's renewed efforts seeking appointment of an expert witness and a new SVP hearing.  See id., at *3.

Shaffer filed two additional appeals and another petition for post-conviction relief, eventually resulting in the Superior Court granting him leave to appeal his July 2015 resentencing nunc pro tunc.  Id., at *2.  Shaffer timely appealed, and on October 29, 2020, the Superior Court of Pennsylvania affirmed his judgment of sentence.  Id., at *1, *10.  Shaffer did not file a petition for allowance of appeal

with the Pennsylvania Supreme Court, so his judgment of sentence became final for habeas purposes on November 30, 2020.  See PA. R. APP. P. 1113(a) (requiring, generally, that a petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed).

Shaffer then timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, in March 2021. See Commonwealth v. Shaffer, No. 2648 EDA 2022, 2023 WL 5231855 (Pa. Super. Ct. Aug. 15, 2023) (nonprecedential); (Doc. 1-5 at 4).  Although this PCRA petition was not chronologically Shaffer's first, it is considered an initial petition under the PCRA because his judgment of sentence had not become final until November 2020, some fourteen years after his initial conviction and sentencing.  Attorney Mark E. Moulton was appointed as post-conviction counsel and subsequently filed an amended PCRA petition.  See Shaffer, No. 2648 EDA 2022, 2023 WL 5231855, at *1; (Doc. 1-5 at 4).  In that amended PCRA petition, Shaffer raised four claims of ineffective assistance of counsel related to Attorney Lindsey Collins' representation.  See Shaffer, No. 2648 EDA 2022, 2023 WL 5231855, at *1; (Doc. 1-5 at 4, 6-7).  The PCRA court denied Shaffer's petition on the merits on September 22, 2022.  (See Doc. 1-5 at 8).

On August 15, 2023, the Superior Court denied Shaffer's counseled PCRA appeal.  See id., at *1, *2.  Notably, the panel determined that Shaffer had

4

waived his ineffective-assistance claims because he had "failed to support any of his four arguments with citation to the record and to develop them with citation to and discussion of relevant case law." Id., at *2 (citing PA. R. APP. P. 2101, 2119(a); Commonwealth v. Gould, 912 A.2d 869, 873 (Pa. Super. Ct. 2006)).

Shaffer petitioned for allowance of appeal with the Pennsylvania Supreme Court, which petition was denied on February 14, 2024. See Commonwealth v. Shaffer, No. 472 MAL 2023, 313 A.3d 447 (Pa. Feb. 14, 2024) (table). He then timely filed the instant Section 2254 petition in this court. (See generally Doc. 1). Shaffer's Section 2254 petition is fully briefed and ripe for disposition.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. Id. § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If cause and

prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

When a claim is properly exhausted and then raised on federal habeas review, the level of deference afforded to the state-court decision is substantial. Bey, 856 F.3d at 236. The AEDPA "does not 'permit federal judges to . . . casually second-guess the decisions of their state-court colleagues or defense attorneys.'" Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 543 (3d Cir. 2014) (quoting Burt v. Titlow, 571 U.S. 12, 15 (2013)). Accordingly, under Section 2254(d), federal habeas relief is unavailable for exhausted claims unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). An unreasonable application of Supreme Court precedent includes situations where "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." White v. Woodall, 572 U.S. 415, 425 (2014) (quoting Williams v. Taylor, 529 U.S. 362, 407 (2000)).

This is an intentionally difficult standard to meet. Harrington v. Richter, 562 U.S. 86, 102 (2011). Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" clearly established Supreme Court precedent. Id. Thus, to obtain federal habeas relief on an exhausted claim, a state prisoner must demonstrate that the state court's ruling on the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Id. at 103.

## III.    DISCUSSION

Shaffer is currently on parole for the instant offenses. (See Doc. 8 at 3). He raises four grounds for relief in his Section 2254 petition: (1) an alleged double jeopardy violation with respect to his September 2006 sentencing and July 2015 resentencing; (2) three claims of ineffective assistance of counsel involving his state post-conviction review; (3) an alleged violation of the plea

8

agreement during sentencing and resentencing; and (4) a purported due process violation involving the Superior Court quashing an appeal as interlocutory rather than considering the appeal on the merits.  (See Doc. 1 at 13-18).  After careful consideration, the court finds that none of these claims warrant habeas relief.

### A.    Ground One – "Double Jeopardy" Claim

In his first ground for relief, Shaffer alleges a "double jeopardy" violation. He contends that "an original concurrent aggregation was amended to a consecutive sentence without jurisdiction to do so."  (See Doc. 1 at 13).  Shaffer's explanation of this claim is difficult to understand, but it appears that he is challenging what he believes to be an illegal increase in his aggregate sentence from the original September 2006 sentencing to the sentence eventually entered in February 2014 (before the Superior Court vacated and remanded for *de novo* resentencing later that year).  (See id.).

It is likely that Shaffer is inartfully trying to reassert the "double jeopardy" argument he raised on direct appeal in 2019.  (See, e.g., Doc. 11 at 17-18). There, he alleged that during his July 2015 resentencing, the sentencing court erroneously imposed a sentence of two to five years' incarceration on Count 17 (aggravated indecent assault) consecutive to Count 12—rather than to Count 2— thereby increasing his aggregate minimum sentence by two years and his

aggregate maximum sentence by five years.  See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *5.

This claim is meritless.  As the Superior Court correctly held, there was no double jeopardy violation.  See id., at *5-6 & n.11.  Shaffer's double jeopardy argument is premised on the errant belief that his previous aggregate sentence (before the July 2015 resentencing) was fourteen years and six months to forty years.  (See Doc. 11 at 23).  Yet the sentence that was eventually entered by the trial court in February 2014—before the Superior Court vacated and remanded for resentencing on all counts—was sixteen to forty-five years' incarceration, the same aggregate sentence he received at his July 2015 resentencing.  See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *6 n.11 (citing Commonwealth v. Sutton, 583 A.2d 500, 502-03 (Pa. Super. Ct. 1990) (holding that "no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence")).

Shaffer appears to challenge the legality of how his September 2006 sentence (which he maintains was initially fourteen years and six months to forty years)—through years of appeal and post-conviction proceedings—purportedly became sixteen to forty-five years in February 2014.  (See Doc. 11 at 17-23).  According to Shaffer, the sentencing court improperly amended his sentence to sixteen to forty-five years (before that sentence was vacated), thus providing an

erroneous basis for the denial of his double jeopardy claim, *i.e.*, that in July 2015, he was resentenced to the same aggregate term of sixteen to forty-five years.

The problem with this argument is that it directly contradicts the state court's factual determinations.  When Shaffer presented this precise claim to the sentencing court—that his original September 2006 sentence was supposed to be fourteen years and six months to forty years and was illegally increased to sixteen to forty-five years—the sentencing court flatly rejected that contention, explaining that there was an obvious clerical error in the sentencing documents involving "a single missing number."  (See Doc. 11 at 22-23; Doc. 12-16 at 87).  The sentencing court further found that the court's intention of imposing an aggregate sentence of sixteen to forty-five years[2] was "patently obvious" from the 2006 sentencing documents and thus Shaffer's July 2015 resentencing to the same aggregate term did not violate double jeopardy.  (See Doc. 12-16 at 87).

Shaffer may disagree with the factual determinations made by the sentencing court, but such disagreements do not provide a basis for federal habeas relief.  That is because they do not establish that the state court's adjudication of this claim "was based on an unreasonable determination of the facts in light of the evidence presented[.]"  28 U.S.C. § 2254(d)(2).

---

[2] In fact, the original September 2006 sentence was tabulated to be sixteen years and six months to forty-five years but was later determined to be sixteen to forty-five years.  (See Doc. 11 at 22-23; Doc. 1-1 at 2, 7); Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *6 n.11.

Rather, the state court's determination on this sentencing-calculation issue was more than reasonable in light of the evidence available. Specifically, the sentencing court relied on both the plainly stated aggregate sentence and the total tabulation of the consecutive sentences in the September 2006 sentencing order and transcript, (see Doc. 1-1 at 2, 7), rather than on the individual sentence for Count 17 that—through a clerical error—ran Count 17 consecutive to Count "2" instead of Count "12." That factual determination, later affirmed by the Pennsylvania Superior Court, was not unreasonable.

This court, moreover, independently observes that in the September 2006 sentencing order, when a sentence was ordered to run consecutively, the pattern in the sentences was that it was to run consecutive to the immediately preceding count of conviction and sentence. This makes logical sense when imposing a "consecutive" sentence. For example: Count 2 (rape of a child) is the first listed offense of conviction and sentence; the next sentence, on Count 4, is run consecutive to Count 2; the next sentence, on Count 9, is run consecutive to Count 4; and the next sentence, on Count 12, is run consecutive to Count 9. (See Doc. 1-1 at 1-2). The following sentence, on Count 17, which is also run consecutively, states that it is consecutive to Count "2," but that is contrary to both the pattern of the sentencing order as well as the plain meaning of a "consecutive" sentence. (See id. at 2). To wit: running Count 17 consecutively to

Count 2 rather than Count 12 would essentially transform the sentence on Count 17 into a concurrent sentence. If the sentencing court had wanted Count 17 to run concurrently, it would have said that in the first place.

Instead, it is a much more reasonable inference that Count 17 was intended to run consecutive to <u>Count 12</u> (the immediately preceding conviction and sentence), following the existing sentencing pattern in the September 2006 order and effectuating the meaning of a "consecutive" sentence. This intent is further demonstrated by the three counts that *are* run concurrently (indecent exposure and corruption of minors). Those counts are all explicitly denominated as "concurrent" and are run concurrent to Count 2, the primary sentencing count, not the immediately preceding conviction and sentence. (See <u>id.</u>).

Thus, the state court's factual determination that Count 17 was intended to run consecutive to Count 12 rather than to Count 2 was a completely reasonable determination of the facts. Accordingly, there was no double jeopardy violation at the July 2015 resentencing when Shaffer was resentenced to the same term of incarceration (sixteen to forty-five years) that preceded his resentencing. Consequently, no habeas relief is due on ground one.

## B.    Ground Two – Ineffective Assistance of Counsel

In his second ground for relief, Shaffer asserts three claims of ineffective assistance of counsel involving his representation by Attorney Lindsey Collins.[3] Shaffer alleges that Attorney Collins provided constitutionally deficient representation (1) when she withdrew the illegal sentence claim involving the "double jeopardy" sentencing dispute raised in ground one above; (2) for "not ensuring that the sentence was vacated in its entirety instead of on one count" so that Shaffer could have attempted to obtain an expert and "correct" the SVP determination; and (3) for "not ensuring a proper SVP hearing when the hearing had been conducted with a procedural due process violation," *i.e.*, Shaffer had been determined to be an SVP without appointment of an independent expert defense witness.  (Doc. 1 at 15).

Shaffer's ineffective-assistance claims fail for multiple reasons.  First, and most notably, Attorney Collins was appointed and acting as post-conviction counsel for Shaffer.  (See Doc. 12-7 at 37 (appointing Attorney Collins as PCRA counsel on July 24, 2013)).  Shaffer's attempt to assert a Sixth Amendment claim that his PCRA counsel was constitutionally ineffective is a nonstarter.  It is well settled that ineffective assistance of state post-conviction counsel is not

---

[3] According to Shaffer, Attorney Collins represented him beginning on July 24, 2013, and continuing through his July 6, 2015 resentencing.  (See Doc. 12-16 at 5 ¶¶ 19-26).

cognizable on federal habeas review.  See 28 U.S.C. § 2254(i) ("The
ineffectiveness or incompetence of counsel during Federal or State collateral
post-conviction proceedings shall not be a ground for relief in a proceeding
arising under section 2254.").  As the United States Supreme Court has
explained, because there is no federal constitutional right to counsel in state
post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555
(1987), there is no corresponding Sixth Amendment right to effective assistance
of state post-conviction counsel.  See Coleman v. Thompson, 501 U.S. 722, 752
(1991) (citing Wainwright v. Torna, 455 U.S. 586, 587-88 (1982)).

The second problem with these ineffective-assistance claims is that they
are procedurally defaulted.[4]  While Shaffer may have raised some of them in his
2021 PCRA petition, (see Doc. 1-5 at 4), he did not adequately press any such
claim through one complete round of appellate review with a decision on the
merits.  Rather, as the Pennsylvania Superior Court held, Shaffer waived his

---

[4] In a deficient answer to Shaffer's Section 2254 petition, Respondent does not assert procedural default.  However, this court may *sua sponte* raise the issue of procedural default in a Section 2254 proceeding, even if waived by Respondent, "to further the interests of comity, federalism, and judicial efficiency."  See Sweger v. Chesney, 294 F.3d 506, 520-21 & n.13 (3d Cir. 2002) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998)); Brown v. Fauver, 819 F.2d 395, 398 (3d Cir. 1987).  "Because [comity between sovereigns and judicial efficiency] concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived."  Sweger, 294 F.3d at 520 n.13 (quoting Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001)); Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004).

ineffectiveness claims on PCRA appeal because he failed to develop them with citation to the record or relevant case law. See Shaffer, No. 2648 EDA 2022, 2023 WL 5231855, at *2.

Shaffer appears to contend that his claims were procedurally defaulted because of ineffective assistance of PCRA counsel. (See Doc. 11 at 11-12). In this way, it is possible that Shaffer is attempting to avail himself of the narrow exception to procedural default provided by Martinez v. Ryan, 566 U.S. 1 (2012). In Martinez v. Ryan, the Supreme Court held that a federal habeas petitioner can overcome procedural default of a "substantial" trial counsel ineffective-assistance claim if the petitioner can show that his post-conviction counsel was ineffective in initial-review collateral proceedings. Martinez, 566 U.S. at 9, 14.

Yet Martinez's narrow exception to procedural default does not apply to Shaffer's ineffectiveness claims. As noted above, Attorney Collins was not acting as trial counsel when she purportedly performed in a constitutionally deficient manner. Rather, Attorney Collins was appointed and acting as PCRA counsel for Shaffer.

Second, Shaffer does not assert any claims of ineffective assistance of trial counsel (Attorney Scott Bennett, see Doc. 1 at 21), in his Section 2254 petition. Thus, even assuming for the sake of argument that Attorney Collins had performed deficiently in initial-review state collateral proceedings, that deficient

performance would only serve to excuse the procedural default of a substantial trial-counsel-ineffectiveness claim.  Shaffer has not presented any such claim in his federal habeas petition; rather, he only asserts Sixth Amendment ineffectiveness claims against Attorney Collins.

To the extent that Attorney Collins' PCRA representation included Shaffer's 2015 resentencing and thus could be considered "trial counsel" representation for Martinez purposes, Shaffer's attempt to excuse procedural default through Martinez still falls short.  That is because he has not alleged, let alone established, that his *initial-review* post-conviction counsel was constitutionally deficient.  See Martinez, 566 U.S. at 16 (emphasizing that equitable exception to procedural default applies only to initial-review collateral proceedings and does not extend to "attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," including appeals from initial-review collateral proceedings).

Shaffer—through his March 2021 *pro se* PCRA petition—raised the instant ineffective-assistance claims involving Attorney Collins with the PCRA court. (See Doc. 12-16 at 17-19).  His initial-review PCRA counsel, Attorney Moulton, incorporated by reference Shaffer's *pro se* PCRA petition into the amended petition, (see id. at 89 ¶ 3), and expressly asserted the at-issue ineffectiveness claims in the body of the amended petition, (see id. at 90-94).  The PCRA court

then addressed and denied those claims on the merits. (See Doc. 1-5 at 6-7).

Accordingly, there was no deficient performance by initial-review PCRA counsel,

so the Martinez exception does not apply to excuse Shaffer's procedural default

of his ineffective-assistance claims against Attorney Collins if she were acting in

"trial counsel" capacity at his resentencing.

### C.    Ground Three – Alleged Violation of Plea Agreement

In his next ground for relief, Shaffer contends that he received a sentence

that was contrary to his "plea agreement." Specifically, he maintains that he was

sentenced to a term of five years and six months' to twenty years' incarceration

on Count 2 when he should have been sentenced to the mandatory minimum of

five to ten years' incarceration. (See Doc. 1 at 16); Shaffer, No. 3470 EDA 2019,

2020 WL 6335948, at *4. He points to specific language from the guilty plea

colloquy, claiming that several questions therein imply that he will receive the

mandatory minimum sentence. (See Doc. 1 at 16; Doc. 11 at 29). This claim

appears to have been raised and exhausted during Shaffer's *nunc pro tunc* direct

appeal (3470 EDA 2019). See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948,

at *4-5.

Ground three requires only brief discussion. As the Superior Court

correctly explained, Shaffer entered an open plea. See id., at *5. Under that

open plea agreement, Shaffer would plead guilty to certain offenses and the

other charged offenses would be withdrawn or subject to *nolle prosequi* by the Commonwealth.  See id.  At no time did the prosecution agree to recommend a sentence of five to ten years' incarceration for the offense of rape of a child (Count 2), or any other sentence for that matter.  See id.  Under this open plea, the sentence would be determined by the trial court.

As to Shaffer's assertion that the language of the guilty plea colloquy implied that he would receive the mandatory minimum sentence on Count 2, the Superior Court correctly disabused Shaffer of that notion:

> [Shaffer] refers to several questions on page nine of his written guilty plea colloquy, which ask[] if he understands that the Commonwealth would seek a mandatory minimum sentence of five years for the charge of rape of a child and the trial court is required to impose that mandatory minimum sentence as proof of the aforementioned agreement for a sentence of five to ten years.  Appellant's Brief at 28-29.  We cannot agree with this interpretation.  These questions exist to ensure that [Shaffer] understands that he is subject to a mandatory minimum sentence to ensure that his plea is knowingly, intelligently, and voluntarily tendered.  See Commonwealth v. Broaden, 980 A.2d 124, 129-30 (Pa. Super. 2009) (stating the requirement that a defendant must be informed of the Commonwealth's intention to seek a mandatory minimum sentence before entering a guilty plea).

Id., at *5 n.9.

This conclusion by the Superior Court is neither an unreasonable determination of the facts nor an unreasonable application of federal law. Shaffer was duly informed that he could be sentenced up to forty years for Count 2 and that he was subject to a five-year mandatory minimum sentence

19

on that count as well.  See id., at *5.  None of the questions in his guilty plea colloquy created a binding agreement to any particular sentence, nor did they improperly "induce" Shaffer to plead guilty.  Shaffer's misguided interpretation of the guilty plea colloquy has no basis in law or fact.  Ground three is entirely meritless and does not warrant habeas relief.

### D.    Ground Four – Alleged Due Process Violation

In his fourth and final ground for relief, Shaffer contends that the Superior Court failed to follow Pennsylvania Rule of Criminal Procedure 720(B)(3) and Pennsylvania case law when it improperly quashed his 2018 appeal (3588 EDA 2018) as interlocutory.  (Doc. 1 at 18).  He argues that, if the Superior Court would have followed Rule 720(B)(3) and deemed his July 2018 post-sentence motion denied "by operation of law" and then reached the merits of his appeal, he could have taken advantage of the then-precedential decision of Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. Ct. 2017) (Butler I), reversed, 226 A.3d 972 (Pa. 2020) (Butler II), before it was reversed by the Pennsylvania Supreme Court in March 2020.

There are myriad deficiencies with this claim.  First, and most importantly, it is not cognizable on federal habeas review.  "[F]ederal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  As the Supreme Court of the United States has repeatedly admonished, "it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle, 502 U.S. at 67-68); see also Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) ("[A] state court's misapplication of its own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.").  Indeed, federal habeas courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground* that he is in custody in violation of the Constitution or laws or treaties *of the United States*."  28 U.S.C. § 2254(a) (emphasis added); Estelle, 502 U.S. at 68.  Shaffer's claim that the Superior Court failed to follow state rules of procedure or state case law interpreting those rules is simply not cognizable on federal habeas review.

Second, this claim is procedurally defaulted and unreviewable.  It does not appear that Shaffer raised this "due process" claim in state court or that he pressed it through one complete round of appellate review with a decision on the merits.  Instead, after the Superior Court quashed his appeal as interlocutory, see Commonwealth v. Shaffer, No. 3588 EDA 2018, 2019 WL 3384780, at *1 (Pa. Super. Ct. July 26, 2019) (nonprecedential), he continued to pursue reinstatement of his direct appeal rights *nunc pro tunc*, eventually succeeding in

21

that endeavor. Nor has Shaffer established cause and prejudice to excuse procedural default. So even if the claim were cognizable in federal habeas proceedings, it would still be unreviewable by this court. See Martinez, 566 U.S. at 9.

Finally, Shaffer posits that if the Superior Court would have deemed his post-sentence motion denied by operation of law and would have reached the merits of his appeal, he would have had his SVP classification struck down by then-existing Superior Court precedent in Butler I, before that decision was reversed in March 2020 by the Pennsylvania Supreme Court in Butler II.[5] (See Doc. 11 at 28). This contention is pure speculation. There is simply no guarantee that the Superior Court would have ruled on Shaffer's appeal or—even if it had—that Shaffer would have been reassessed for SVP status under different procedures *before* the Pennsylvania Supreme Court reversed Butler I

---

[5] As the Pennsylvania Supreme Court summarized: "The Superior Court [in Butler I] extrapolated from our decision in [Commonwealth v.] Muniz [164 A.3d 1189 (2017)], to hold the lifetime registration, notification, and counseling requirements (RNC requirements) applicable to SVPs pursuant to 42 Pa.C.S. §§ 9799.15, 9799.16, 9799.26, 9799.27, and 9799.36 are increased criminal punishment such that the procedure for conducting SVP determinations violates the requirements of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). . . . [W]e reverse and hold the RNC requirements do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements of Apprendi and Alleyne and remains constitutionally permissible." Butler II, 226 A.3d at 976.

and upheld as constitutional the SVP classification process undertaken in Shaffer's case.

For all the foregoing reasons, Butler's fourth ground for relief in his Section 2254 petition does not warrant habeas relief.

## E.    Due Process Violation – Denial of Expert Defense Witness

A frequent claim in Shaffer's state post-conviction proceedings that is woven into the ineffective-assistance claims in his Section 2254 petition is that there was a due process violation when he was originally classified as a sexually violent predator. Shaffer maintains that, because he was indigent, his constitutional rights were infringed when the trial court denied his motion for appointment of an expert psychological witness to counter the state's expert witness at the SVP hearing. Shaffer refers to this claim as a "lingering due process error" that he avers has "never been acknowledged by the Commonwealth, Judges, [or] the Superior Court." (Doc. 11 at 16).

Shaffer, however, has not raised this standalone due process claim in his Section 2254 petition. (See generally Doc. 1). None of his four grounds for relief directly asserts that his Fourteenth Amendment procedural due process rights were violated by the denial of his motion for appointment of an expert witness for his SVP hearing. (See id. at 13-18). Respondent, consequently, has not had the occasion to address this argument. Nevertheless, because it is a predominant

issue in his state post-conviction filings and because it is mentioned in his reply brief, (see Doc. 11 at 14-15), the court will err on the side of caution and discuss this claim.

Initially, the court observes that Shaffer's contention that the sentencing court improperly denied his motion for appointment of an expert witness for the SVP hearing is not frivolous.  There is no dispute that, at all relevant times, Shaffer was indigent and could not afford to hire counsel or an expert witness. (See Doc. 12-3 at 6-7 (noting Shaffer's indigency and inability to pay for legal representation)).  Shaffer—through appointed counsel—properly moved for appointment of a psychological expert for the SVP hearing, explicitly citing relevant case law in that motion.  (See id. at 2-3).  The sentencing court, for reasons unknown, denied Shaffer's motion in a single-sentence order without any explanation.  (See id. at 5).

Yet under binding state precedent existing at the time of Shaffer's 2006 sentencing (in fact, the same precedent he cited in his motion for appointment of an expert), denial of an indigent defendant's request for appointment of an expert psychological witness for SVP classification without any legitimate reason is an abuse of discretion.  See Commonwealth v. Curnutte, 871 A.2d 839, 841 (Pa. Super. Ct. 2005) (holding that, for SVP-classification proceedings under Megan's Law, indigent defendants are entitled to assistance of a court-appointed

24

psychological expert); Commonwealth v. McWilliams, 887 A.2d 784, 785-86 (Pa.

Super. Ct. 2005) (holding that trial court's denial of indigent defendant's motion to

appoint psychological expert for SVP hearing was "erroneous" and an "abuse of

discretion," vacating SVP classification, and remanding with direction for trial

court to appoint expert witness at new SVP hearing (citing Curnutte, 871 A.2d at

842, 844)).

Nevertheless, Shaffer's due process claim (if he had raised it in his Section

2254 petition) would still fail because he procedurally defaulted it.  As the

Superior Court noted in its October 2020 decision, Shaffer waived this claim by

not raising it during his prior direct appeal (1085 EDA 2014) that challenged his

amended sentence.  See Shaffer, No. 3470 EDA 2019, 2020 WL 6335948, at *4

(citing Commonwealth v. Rominger, 199 A.3d 964, 975 (Pa. Super. Ct. 2018));

(see also Doc. 12-8 at 15-100 (Shaffer's 2014 *pro se* brief on appeal to Superior

Court from Feb. 20, 2014 sentencing)).

In that 2014 appeal, Shaffer submitted a 40-page, typewritten, properly

formatted *pro se* appellate brief asserting five claims of error, yet did not

challenge his SVP determination or the denial of his motion for appointment of an

expert psychological witness.  (See generally Doc. 12-8 at 15-100; see id. at 25

(listing five questions on appeal, none of which challenges the SVP

determination or denial of an appointed expert)).  Under firmly established state

law, see Rominger, 199 A.3d at 975; Commonwealth v. Williams, 151 A.3d 621,

625 (Pa. Super. Ct. 2016); Commonwealth v. Anderson, 801 A.2d 1264, 1266

(Pa. Super. Ct. 2002), Shaffer therefore waived this due process challenge and it

is procedurally defaulted and unreviewable. See Martinez, 566 U.S. at 9

(explaining that a federal habeas court "will not review the merits of claims,

*including constitutional claims*, that a state court declined to hear because the

prisoner failed to abide by a state procedural rule" (emphasis added)).  In

deeming Shaffer's claim waived because he had not raised it on his prior direct

appeal, the Superior Court relied on a "state procedural rule [that] is a nonfederal

ground adequate to support the judgment and [that] is firmly established and

consistently followed."  Id.

Shaffer argues that the Superior Court's waiver determination was in error.

He contends that, in the cases cited by the Superior Court, "there was at least

one issue that was decide[d] which caused a remand," but in his case "there was

no issue decided or reviewed" and therefore he "did not have the benefit of a

direct appeal at that time."  (Doc. 11 at 17).

Shaffer does not cite any legal authority for this proposition, and that is

likely because none exists.  Simply because the Superior Court did not reach the

merits of any specific appeal issue raised but instead *sua sponte* remanded for

resentencing on all counts does not obviate Shaffer's responsibility to raise all

challenges to his initial conviction and sentence during his first direct appeal of that judgment. See Anderson, 801 A.2d at 1266 ("[A]ppellant has already had the benefit of a direct appeal, and at that time did not challenge his conviction on any basis, including counsel's ineffectiveness. Rather, the only issues he raised concerned the unconstitutionality of his sentence. Having succeeded on these issues and having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction: the *only* issues reviewable in a direct appeal would be *challenges to the sentence imposed following remand*." (emphasis added)).

Shaffer interprets "benefit of direct appeal" to mean that the appellate court considered and ruled on at least one of the issues raised on initial direct appeal before remanding for resentencing. But he has provided no legal support for this interpretation, and it contradicts Pennsylvania law. Rather, when an appellant has the opportunity to raise claims challenging the judgment of sentence in an initial direct appeal, any available claim not raised is deemed waived following remand for the limited purpose of resentencing except those claims challenging the new sentence imposed. See Commonwealth v. Cook, 175 A.3d 345, 350 (Pa. Super. Ct. 2017); Commonwealth v. Harper, 436 A.2d 1217, 1219-20 (Pa. Super. Ct. 1981); Anderson, 801 A.2d at 1266.

There remains, however, a nonfrivolous argument that when the Superior Court vacated Shaffer's judgment of sentence in November 2014 and remanded for resentencing on all counts, Shaffer's SVP classification was likewise vacated. In this way, Shaffer argued in state court that he was free to assert a new challenge to his SVP classification (and the failure to appoint a psychological expert for that determination) on *nunc pro tunc* direct appeal from the July 2015 resentencing, as that resentencing "mechanically re-imposed" the SVP classification without permitting a new SVP hearing or appointment of an expert witness. In other words, Shaffer posited that he did not waive this claim on *nunc pro tunc* direct appeal because he was indeed challenging a component of the July 2015 sentence imposed following remand, which is wholly permissible under Pennsylvania law.

The Superior Court rejected this argument by holding that, when reading its prior November 2014 remand opinion "in context," that order "cannot be read to include a new SVP hearing," and therefore Shaffer's claim failed. <u>Shaffer</u>, No. 3470 EDA 2019, 2020 WL 6335948, at *4. Shaffer—*in his state-court filings*—countered that <u>Commonwealth v. Harris</u>, 972 A.2d 1196 (Pa. Super. Ct. 2009), plainly holds otherwise. (<u>See</u> Doc. 12-12 at 4 (*nunc pro tunc pro se* motion for reconsideration of sentence filed July 30, 2018); Doc. 12-14 at 42-46 (*nunc pro tunc pro se* appellate brief filed Feb. 26, 2020)).

28

In <u>Harris</u>, the Superior Court held that "SVP status is a component of the judgment of sentence," and further elaborated that "the term 'judgment' is not limited to the court's sentence of incarceration, but also includes that [SVP] status determination under Megan's Law." <u>Harris</u>, 972 A.2d at 1201-02; <u>see also</u> <u>Commonwealth v. Schrader</u>, 141 A.3d 558, 561 (Pa. Super. Ct. 2016) ("We recognize . . . that 'the imposition of SVP status is a component of the judgment of sentence even though the ultimate collateral consequences are non-punitive.'" (quoting <u>Harris</u>, 972 A.3d at 1201)); <u>Commonwealth v. Woeber</u>, 174 A.3d 1096, 1105 (Pa. Super. Ct. 2017) ("By vacating Appellant's judgment of sentence, we also have vacated the July 22, 2016 SVP order that constituted a component of that judgment of sentence."). <u>But see</u> <u>Commonwealth v. Smalls</u>, No. 100 EDA 2016, 2017 WL 568896, at *1 (Pa. Super. Ct. Feb. 13, 2017) (nonprecedential) (noting that there are conflicting lines of precedent regarding whether SVP determinations are "collateral consequences to a judgment of sentence" or "considered a component of the judgment of sentence").

As Shaffer pointed out, the Superior Court's November 2014 remand decision expressly held: "*Judgment of Sentence* vacated.  Case remanded for resentencing." <u>Shaffer</u>, No. 1085 EDA 2014, 2014 WL 10558548, at *2 (emphasis added).  In state court, Shaffer argued that if SVP status is a component of the judgment of sentence, and the Superior Court vacated his

"judgment of sentence" and remanded for resentencing, then he maintained the right to challenge his SVP classification—a component of the sentence imposed following remand—on *nunc pro tunc* direct appeal even if he had not raised it in the 2014 appeal of his initial sentence. (See Doc. 12-14 at 42-46).

Shaffer, however, has not raised this issue or argument as part of his Section 2254 petition. The closest Shaffer comes to doing so is two sentences in his reply brief where he states, "The remand was in its entirety which is a general remand that vacates its components as well, all of which are reconsidered when a vacated sentence is a legal nullity, starting afresh. All components can be reconsidered / reinstated when resentenced." (Doc. 11 at 17).

It is simply too far of a stretch to conclude that this "passing reference" in a reply brief properly asserts the claim that the Superior Court's 2014 remand vacated his SVP classification and therefore its re-imposition at his July 2015 resentencing was fair game on *nunc pro tunc* direct appeal despite not being challenged in his 2014 direct appeal. See Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005) (noting that a passing reference to an issue is not sufficient to bring the issue before the court). This court cannot create claims or arguments that Shaffer has failed to make in his Section 2254 petition. See 28 U.S.C. § 2254 Rule 2(c)(1), (2) (requiring, respectively, petitioner to "specify all the grounds for relief available" and "state the facts supporting each ground" for relief

in his Section 2254 petition); <u>Hussain v. Warden Allenwood FCI</u>, No. 22-1604, 2023 WL 2643619, at *3 n.5 (3d Cir. Mar. 27, 2023) (nonprecedential) ("Although courts construe pro se habeas petitions liberally, . . . we will not create claims that a habeas petitioner did not pursue[.]").  And Shaffer, who is an accomplished *pro se* litigant after nearly 20 years of experience, is certainly capable of raising and pursuing such a claim if desired.[6]

The court therefore concludes that, even if Shaffer had raised a standalone due process claim regarding his SVP classification and denial of an expert as part of his Section 2254 petition (which he did not), that claim would be procedurally defaulted for the reasons provided by the Superior Court of Pennsylvania in its 2020 decision.  Thus, it would be unreviewable by this court on federal habeas review.  <u>Martinez</u>, 566 U.S. at 9.

## IV.    CONCLUSION

Based on the foregoing, the court will deny Shaffer's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The court will likewise deny a certificate of appealability, as Shaffer has failed to make a substantial showing of the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), or that "jurists of reason

---

[6] The court further notes that arguments raised for the first time in a reply brief are generally waived.  <u>See</u> <u>Hayes v. Silvers, Langsam & Weitzman, P.C.</u>, 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020); <u>Hamrick v. Warden of FCI-Allenwood Low</u>, No. 4:23-cv-00567, 2023 WL 7413330, at *4 (M.D. Pa. Nov. 9, 2023) (Brann, C.J.); <u>cf.</u> <u>McLendon v. Continental Can Co.</u>, 908 F.2d 1171, 1183 (3d Cir. 1990).

would find it debatable" whether this court's procedural ruling is correct, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  An appropriate Order follows.


Date: ___9/18/25___                    **BY THE COURT:**

                                       _____
                                       **JUDGE JULIA K. MUNLEY**
                                       **United States District Court**